# United States Court of Appeals
# for the Fifth Circuit

-----------

No. 23-50411
Summary Calendar

-----------

United States Court of Appeals
Fifth Circuit

**FILED**
December 13, 2023

Lyle W. Cayce
Clerk

Xavier L. Crittendon,

*Plaintiff—Appellant*,

*versus*

State of Texas - Health and Human Services
Commission,

*Defendant—Appellee*.

-----------

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-327

-----------

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Appellant Xavier Crittendon filed this *pro se* suit against the Texas Health and Human Services Commission, contending that the Commission violated various rights secured by the Constitution and Texas law, TEX. GOV'T CODE ANN. § 2401.002 (restricting government limitations on religious organizations during declared states of disaster), when it found the

-----------

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

early childhood program she operated in violation of multiple state regulations. She alleged that the Commission is a "terrorist" organization coordinating with the FBI, and sought monetary damages in the amount of "2% [of the] biennial budget for [the Commission] since 2011."

Because Crittendon proceeded *in forma pauperis*, the magistrate judge conducted a review to determine whether to recommend dismissal on the grounds that the action was frivolous, failed to state a claim on which relief could be granted, or sought monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e). The magistrate judge recommended dismissal because the action was barred by the Eleventh Amendment. The district court adopted the report and recommendation, and dismissed the complaint and entered judgment for the Commission. We review for an abuse of discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

"When a state agency is the named defendant, the Eleventh Amendment bars suits [in federal court] for both money damages and injunctive relief unless the state has waived its immunity," *Cozzo v. Tangipahoa Par. Council–President Gov't*, 279 F.3d 273, 280-81 (5th Cir. 2002), or Congress has abrogated it, *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). Congress did not abrogate state sovereign immunity with 42 U.S.C. § 1983, *Aguilar v. Texas Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998), and the district court properly dismissed the constitutional claims. We conclude that the Texas law claim was also properly dismissed. "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." *Lane v. Pena*, 518 U.S. 187, 192 (1996). The Texas law under which Crittendon sued affords only injunctive and declaratory relief, as well as court costs and reasonable attorney's fees. TEX. GOV'T CODE ANN. § 2401.003 (setting out relief available under § 2401.002).

No. 23-50411

For the foregoing reasons, the judgment of the district court is AFFIRMED.